IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMON DEMETRIUS JACKSON, | : |
| Plaintiff, | : |
| VS. | : NO. 5:16-CV-0142-MTT-MSH |
| GREGORY MCLAUGHLIN, et al, | : |
| Defendant. | : |

# ORDER

Plaintiff Jamon Demetrius Jackson, an inmate currently confined at Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* complaint in this Court seeking relief under 42 U.S.C. § 1983. Plaintiff also requests permission to proceed in this action without pre-payment of the filing fee and has filed various other motions.

## I.  Motion to Proceed *in forma pauperis*

The Court has reviewed Plaintiff's financial submissions and request to proceed in *forma pauperis* and finds that Plaintiff is presently unable to pre-pay the entire filing fee. Plaintiff, however, can possibly pre-pay at least a portion of the filing fee. His certified trust account statement shows an average monthly balance of $19.34 over the last six months and a balance of $25.09 at the time of filing. Plaintiff's Motion to Proceed *in forma pauperis* is thus **GRANTED**; but pursuant to 28 U.S.C. § 1915(b)(1)(B), it is **ORDERED** that Plaintiff pay an initial filing fee of $3.86. Plaintiff is also required to pay

1

the remaining $346.14 of the filing fee under the payment plan set forth in § 1915(b), as will be directed in a future order. The court's filing fee is not refundable, regardless of the outcome of this case. Plaintiff is thus responsible for paying the entire fee even if his case is dismissed prior to service.

## II.     Preliminary Pleading Requirements

Because Plaintiff is a state inmate and seeks redress from an "officer or employee of a governmental entity," the district court is also required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). The claims in Plaintiff's Complaint arise from his confinement at multiple Georgia prisons – Macon State Prison, Valdosta State Prison, and Handcock State Prison – from 2008 to the present. Plaintiff has named the Commissioner of the Department of Corrections and the warden of each facility as defendants in his Amended Complaint. He alleges that Defendants "are legally responsible for the operation of those prisons" and have been "negligent" in executing their professional duties. While confined in these facilities, Plaintiff was apparently a victim of inmate violence (in 2008-2009, 2013, and 2014), suffered both physical and mental injuries (2008-2009, 2012-2013, 2014), was denied food (on one occasion at Valdosta State Prison), and placed in long term administrative segregation (in Macon State Prison).

In light of these allegations, the Court presumes that Plaintiff has attempted to bring claims against each defendant under the Eighth Amendment based on a failure to protect him from inmate attack and the conditions of his confinement. It is also possible that Plaintiff has attempted to bring a due process claim based upon his confinement in

long-term administrative segregation. Plaintiff's present allegations, however, are not sufficient to link the named defendants with the constitutional wrongs of which he complains. Thus, at this time, Plaintiff's Complaint fails to state a claim upon which relief may be granted and may be dismissed prior to service.

Yet, because Plaintiff is proceeding in this action *pro se*, the Court will allow Plaintiff an opportunity to amend his complaint by recasting his statement of claims. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991) ("a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice"). When recasting, Plaintiff must **clearly identify those individuals he wishes to include as named defendants** in this action and then **list his allegations beside the name of each defendant to explain**:

    (1) *what* that defendant did (or did not do) to violate his rights;

    (2) *when* and *where* each action occurred (to the extent memory allows);

    (3) *how* Plaintiff was injured;

    (4) *who* directly caused Plaintiff's injury (if other than the defendant);

    (5) *how* and *when* the defendant learned of Plaintiff's injuries or was otherwise made aware of a risk of serious harm prior to Plaintiff's injuries;

    (6) *when* Plaintiff learned (or realized) he had been injured;

    (7) *when* he learned of the defendant's involvement in (or responsibility for) his injury; and

    (8) *what* relief is sought as to each claim.

Because Plaintiff has identified injuries occurring a number of years prior to filing, the recast statement should also state if there is any reason Plaintiff delayed or was somehow prevented from previously filing any of his claims. If Plaintiff has filed a previous lawsuit involving the allegations stated in this complaint, he should also include that fact and state when the suit was filed, in which court, and if the action is still pending or was terminated.

When redrafting his statement of claims, Plaintiff should state his claims as simply as possible, in ten pages or less, and need not use formal language or legalese; nor should Plaintiff attempt to cite any case law. Plaintiff's recast statement will, however, take the place of and supersede all allegations made in both the original and amended complaint, and Plaintiff may not incorporate any portion of his original or amended complaint by reference. If, in his recast statement, Plaintiff fails to sufficiently link the conduct or actions of a named defendant to a claim, that claim will be dismissed.

### III.  Order on Motions

Plaintiff has also filed a number of premature or simply frivolous motions, including: a Motion for Discovery, Motion for Default Judgment, Motion for an Order Requiring Defendants to Pay the Sum of $6,000,000, Motion for Final Disposition, and Motion for Order to Show Cause. Plaintiff is not entitled to any of the relief requested in these motions, as the Court has not yet even completed the preliminary review of Plaintiff's claims or ordered service on any defendant. All of these Motions are thus **DENIED**.

Plaintiff's Motion for Preliminary Injunction is also **DENIED**. An injunction may not issue unless the movant demonstrates, among other things, (1) that there exists a

4

substantial likelihood of success on the merits of his claim and (2) that an irreparable injury will be suffered unless the injunction issues. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). Plaintiff's motion and factual allegations fall well short of meeting the prerequisites for the issuance of a preliminary injunction. At this stage in the litigation, Plaintiff has not shown a "substantial likelihood of success on the merits," as he has failed to state a cognizable § 1983 claim against Defendants; and though Plaintiff vaguely contends that he is now in "imminent danger," neither his complaint nor his motion sufficiently describe an imminent danger of serious physical injury or show how he will suffer an "irreparable injury" unless an injunction is issued.

### IV. Time for Response

Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to pay the required partial filing fee of $3.86 and amend his Complaint as described herein. All documents submitted in this action must show this case number: **5:16-cv-142-MTT-MSH**. While this action is pending, Plaintiff is also required to immediately inform the Court in writing of any change in his mailing address. Failure to do so - or to otherwise fully and timely comply with this or any other order of the court - may result in the dismissal of Plaintiff's Complaint. There will be no service of process in this case until further order.

**SO ORDERED** this 29th day of June, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT