IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMON DEMETRIUS JACKSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:16-CV-0142-MTT-MSH |
| VS. | : | |
| | : | |
| GREGORY MCLAUGHLIN, et al, | : | |
| | : | |
| Defendants. | : | |

### ORDER OF DISMISSAL

Currently before the Court is a *pro se* civil rights complaint filed by Plaintiff Jamon Demetrius Jackson pursuant to 42 U.S.C. § 1983. Because Plaintiff is a prison inmate confined and seeks redress from an "officer or employee of a governmental entity," the district court is required to screen his complaint upon filing to determine whether service on defendants is even warranted. *See* 28 U.S.C. § 1915A(a). The Court has now reviewed Plaintiff's second amended complaint (herein "Complaint"), ECF No. 24, and all pending motions. For those reasons stated herein, Plaintiff's motion for counsel is **DENIED**, and his Complaint is **DISMISSED**. All other motions are thus deemed frivolous and/or moot.

I.  **Motion for Appointment of Counsel**

As a preliminary matter, the Court will address Plaintiff's motion for counsel. *See* Motion, Apr. 22, 2016, ECF No. 4. Pursuant to 28 U.S.C. § 1915(e), the district court "may request an attorney to represent any person unable to afford counsel." There is,

1

however, "no absolute constitutional right to the appointment of counsel" in a civil suit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the court considers, among other things, the merits of the claims and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

In this case, Plaintiff filed a § 1983 *pro se* complaint and has been allowed to twice amend his claims and allegations after the being advised of the deficiencies therein. The undersigned is now required to review his second amended complaint to determine whether Plaintiff's allegations now state a colorable legal claim. This process is routine in *pro se* prisoner actions and is not an "exceptional circumstance" justifying the appointment of counsel. In addition, Plaintiff's current motion, filed prior any order of service, is pre-mature: Plaintiff's need for counsel cannot be properly evaluated until after a preliminary review of his complaint is complete and responsive pleadings have been filed. After a review of his allegations, the Court further finds, as is discussed below, that Plaintiff's claims are both uncomplicated and without any legal merit.

Plaintiff's motion for appointment of counsel is therefore **DENIED**.

## II. Preliminary Review of Plaintiff's Complaint

### A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is also required to conduct a

preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, however, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed the plaintiff's favor, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56(2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim. *See id.* "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### B. Plaintiff's Complaint

The present action arises out of Plaintiff's confinement at multiple Georgia prisons – Macon State Prison, Valdosta State Prison, and Handcock State Prison – from 2008 to the present. The Complaint names the Commissioner of the Department of Corrections and the warden of each facility as defendants.

According to the Complaint, Plaintiff was a victim of inmate violence while

3

confined both at Hancock State Prison, at some point in 2008 or 2009, and Macon State Prison on December 6, 2014. Plaintiff also complains that, while at Hancock State Prison, he received "poor surgery" at a hospital after his assault and suffered depression (during December of 2011 and January of 2012) because of the warden's negligence and failure to follow the standard operating procedures (or "SOP"). Plaintiff was later transferred to Valdosta State Prison where he was, sometime prior to March of 2014, twice denied food. The Complaint further asserts that one or more of the defendants violated Plaintiff's due process rights by allowing him to be confined in "Tier II" segregation from September of 2013 to December of 2015 – which is approximately four months longer than the maximum of twenty-four-month period allowed by the SOP.

The Court of course accepts all of the facts in Plaintiff's Complaint as true as is required during the preliminary screening. *See Brown*, 387 F.3d at 1347. After a comprehensive review of his claims, however, the Court finds Plaintiff's complaint fails to state any viable Eighth or Fourteenth Amendment claim against the named defendants.

1. <u>Statute of Limitations; Hancock State Prison and Valdosta State Prison Claims</u>

Upon review of the Complaint, it is first apparent that Plaintiff's claims based on events occurring on or before April of 2014[1] are time-barred. In Georgia, § 1983 claims have a two-year statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 236 (1989); O.C.G.A. § 9-3-33. The statute of limitations for a claim begins to run when "the plaintiff

---

[1] According to the signature line of Plaintiff's original complaint, it was drafted and presumably submitted for filing on or about April 6, 2016. *See* Compl., ECF No. 1 at 7.

knows or has reason to know (1) that he was injured, and (2) who inflicted the injury." *Johnson v. Greaves*, 366 F. App'x 976, 978 (11th Cir. 2010) (citing *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). *Id.*

In this case, when having Plaintiff recast his complaint, the Court specifically asked Plaintiff to state, as to each claim, both "when Plaintiff learned (or realized) he had been injured" and "when he learned of the defendant's involvement in (or responsibility for) his injury." *See* Order, ECF No. 19 at 3. Plaintiff was also asked to state "if there is any reason [he] delayed or was somehow prevented from filing" any of his claims. *Id.* In response, Plaintiff answered that he "knew immediately of each [physical] injury"; Plaintiff also knew the names of the wardens of each of the facilities in which he was confined at the time of his injuries. *See* 2nd Amnd. Compl. It is thus apparent, from the face of the Complaint, that Plaintiff was aware of the injuries he suffered at Hancock State Prison and that Warden Thomas Fraizer was "responsible" for maintaining a "safe environment from theft and violence" at that prison when the injuries occurred in 2008-2009. Plaintiff was likewise aware that he had twice been "denied food" at Valdosta State Prison under the supervision of Marty Allen during or before March of 2014. Plaintiff states that he nonetheless delayed *years* before filing his claims because he only learned of the SOP requirements and "amendment violations" when he began "research" for this case in 2015. *Id.*

The fact that Plaintiff was unaware of his legal rights until 2015, however, does not toll the statute of limitations for those claims. *See Harrell v. White*, No. 11-00702-CB,

5

2014 WL 1017878, at *3 (S.D. Ala. Mar. 17, 2014) ("Ignorance of the law is not a basis for equitable tolling of a statute of limitations, even for pro se prisoners.") (citing *Jones v. United States*, 304 F.3d 1035, 1044 (11th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).  Thus, in the absence of any other reason for the delay in filing, and because Plaintiff knew both that he was injured and who he believed inflicted those injuries prior the expiration of the statute of limitations, his claims against wardens Thomas Fraizer and Marty Allen are time-barred.

    2. Eighth Amendment Claims

Plaintiff's allegations, even if true and viewed in his favor, also fail to state a viable Eighth Amendment claim against any of the three wardens.  A prison warden cannot be held liable, under § 1983, for the unconstitutional acts of his subordinates absent evidence that he personally participated in the constitutional violation *or* that a causal connection exists between his and subordinate's conduct.  *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)*; LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).   In this case, none of the allegations in Plaintiff's complaint personally link the wardens to any of the asserted constitutional violations; nor do his allegations include any facts to suggest a causal connection between any warden's conduct or policies and Plaintiff's injuries. Plaintiff's contention that Defendants are legally responsible for the things that occur in those prisons is not a meaningful factual allegation and is "insufficient to preclude dismissal." *Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014).   The same can be said for Plaintiff's claims of negligence.  *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297

F.3d 1182, 1188 (11th Cir. 2002) ("unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"). Indeed, even if the wardens were negligent in preventing Plaintiff's injuries, prison officials are not subject to liability under § 1983 for the results of negligent acts that cause unintended injury to inmates. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (negligent act by state official does not give rise to § 1983 liability); *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) ("negligent failure to protect an inmate from attack does not justify liability under § 1983").

Plaintiff's allegations, including those against Warden McLaughlin arising from the inmate attack on December 16, 2014,[2] thus fail to state any Eighth Amendment claims.

3. Due Process Claims

Plaintiff's final assertion is that the Commissioner of the Department of Corrections (and possibly Gregory McLaughlin) violated his right to due process by allowing him to be held in segregation longer than the maximum twenty-four months specified in the SOP.

Again, however, Plaintiff's allegations fail to support a claim. A violation of the administrative SOP is not alone a basis for a constitutional claim under § 1983. *See Doe v. Scroggy*, No. 5:04CV173 DF, 2006 WL 3022878, at *8 (M.D. Ga. Oct. 23, 2006)

---

2 As to his claim against McLaughlin, Plaintiff merely alleges that "Macon personnel [were] already aware of [the] violent history of both inmates and learned on the injury [on the day it occurred]." Sec. Amnd. Compl. at 24. The term "Macon personnel," however, is not sufficiently specific to demonstrate Warden McLaughlin's knowledge of the prisoners' violent history; the allegation does not show that McLaughlin was personally aware of a "substantial risk of serious danger" prior to Plaintiff's injuries as is necessary to state an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 838 (1994) ("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment").

7

("although a prison official's strict adherence to all SOPs in every situation is desirable, the imperfect enforcement of a SOP, in the absence of other evidence" is insufficient to violate § 1983). Plaintiff also must do more than simply state that he was confined to administrative segregation for twenty-seven months to maintain a due process claim. *See generally Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999). To state a viable claim, a prisoner must actually allege facts demonstrating *both* (1) that he had a right to receive notice and an opportunity to be heard before or while he was confined in segregation *and* (2) that he was actually denied the process he was entitled to by (or because of) the named defendant. *See Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994) ("A § 1983 action alleging a procedural due process clause violation requires proof of [both] . . . a deprivation of a constitutionally-protected liberty or property interest . . . and constitutionally inadequate process."). Plaintiff has alleged neither in his Complaint. And again, there is nothing in Plaintiff's Complaint to suggest when or if any defendant was personally aware of Plaintiff's prolonged Tier III confinement or that Plaintiff was denied any administrative notification, hearing, or review that he was due.

Plaintiff's allegations thus additionally fail to state any due process claims.

### III. Conclusion

For these reasons, Plaintiff's motions for counsel is **DENIED**; and the Complaint is **DISMISSED**, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. In light of this and all of the above findings, Plaintiff's Motion for Leave to File an Amended

Complaint (ECF No. 20), Motion for Default Judgment (ECF No. 21), Motion for Show Cause (ECF No. 22), Motion/requests for ruling (ECF No. 25, 28), Motion for Final Disposition (ECF No. 27), and Motion/Application for Certificate of Probable Cause (ECF No. 26) are deemed moot.  These motions are accordingly **DISMISSED**.

## IV.   Payment of the Filing Fee

Plaintiff was previously granted leave to proceed *in forma pauperis*.  As Plaintiff was previously advised, the dismissal of his Complaint prior to service does not relieve him of his obligation to pay the entire filing fee.[3]  Federal law requires that Plaintiff nonetheless pay the full filing fee over time using the payment plan described in § 1915(b).  The **CLERK** is therefore **ORDERED** to forward a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

### A. Directions to Plaintiff's Custodian

In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian (and any successor custodians) shall ensure that twenty percent (20%) of the

---

[3] Plaintiff's failure to comply with the Court's order requiring that he pay the $3.86 fee has not gone unnoticed.   The Court finds it apparent, from Plaintiff's response to the portion of that order requiring him to amend his complaint, *see* Second Amend. Compl., ECF No. 24, that Plaintiff did receive the order to pay a partial filing fee, but neither submitted payment nor advised the Court why he was unable to comply.   As was stated in the Order, Plaintiff's failure to fully and timely comply with an order of the court is also grounds for dismissal. *See Order*, July 29, 2016, ECF No. 19.   *See also* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

income credited to Plaintiff's account (at the institution or facility which he is confined) be remitted to the Clerk of this Court until the $350.00 filing fee has been paid in full. Plaintiff's custodian is therefore **ORDERED** and immediately authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### B. Plaintiff's Obligation After Release

In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he remains obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.

**SO ORDERED** this 26th day of October, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT