IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAMON DEMETRIUS JACKSON, :
:
       Plaintiff, :
:
vs. :
: CIVIL ACTION NO. 5:16-CV-142 (MTT)
WARDEN, GREGORY MCLAUGHLIN, :
et al., :
:
       Defendants. :
_____:

### ORDER

      Plaintiff JAMON DEMETRIUS JACKSON has filed a "Motion to Reconsider, Vacate, and Modify Order." (Doc. 49). Plaintiff does not specify whether this motion is brought pursuant to Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). Judgment was entered in this case on October 28, 2016. (Doc. 30). Rule 59 requires that a request for reconsideration be filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). "[A]n untimely filed motion to alter or amend cannot invoke a trial court's jurisdiction." *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1129 (11th Cir. 1994). But, a motion for relief from judgment may be construed as a Rule 60(b) motion. *Damiano v. FDIC*, 104 F.3d 328, 332 n.4 (11th Cir. 1997) (citing *Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992)).

      Fed. R. Civ. P. 60(b) allows a party to request relief from a final judgment or order for: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . ; (4) the judgment is void; (5) the judgment has been satisfied, release or discharged. . . ; or (6) any other reason that justifies relief." Construing Plaintiff's motion as one brought under Rule 60(b), Plaintiff has not shown relief is

warranted based on the existence of any of these factors. The Motion is, therefore, **DENIED**.[1]

Plaintiff filed his 42 U.S.C. § 1983 complaint on April 15, 2016. (Doc. 1). He named as Defendants three wardens: Gregory McLaughlin at Macon State Prison, Marty Allen at Valdosta State Prison, and Thomas Frazier at Hancock State Prison. (Doc. 1 at 1). He alleged a "professional negligence" claim against each. (Doc. 1 at 5). Specifically, he stated that in 2008 through 2009, he was assaulted by two inmates at Hancock State Prison and had to have surgery for multiple fractures in his face. (Doc. 1 at 5). Without providing details, Plaintiff stated that "at some point" between 2011 and 2012 he was: (1) denied proper housing, (2) suffered depression, (3) denied mail, (4) had his due process rights violated, (5) illegally arrested, (6) falsely imprisoned, (7) exposed to negligence, and (8) exposed to hazardous conditions. (Doc. 1 at 5). In August or September 2012, he was stabbed at Valdosta State Prison by two inmates during a riot. (Doc. 1 at 5). In 2013, he "went without a meal." (Doc. 1 at 5). In 2014, his cellmate attacked him with a tray and he suffered a "brain trauma." (Doc. 1 at 5). Finally, in December 2014 he broke his leg and had to have surgery. (Doc. 1 at 5). Plaintiff claimed he was still in "harm's way" and faced "imminent danger." (Doc. 1 at 5).

On May 2, 2016, Plaintiff filed an amended complaint. (Doc. 8). He added Commissioner Homer Bryson as a Defendant. (Doc. 8 at 1). Plaintiff stated that he named Homer Bryson because "[h]e is legally responsible for overall operation of the Department and each institution under it's (sic) jurisdiction. . . ." (Doc. 8 at 14). Plaintiff

---

[1] Plaintiff has filed a notice of appeal (Doc. 38), which generally divests this Court of jurisdiction. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 57 (1982) (citations omitted). But, "district courts retain jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion." *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003).

provided some additional details regarding the 2008-2009 assault at Hancock State Prison. (Doc. 8 at 5). Although it is unclear how, Plaintiff stated that his due process rights were violated at Hancock State Prison. (Doc. 8 at 5). Plaintiff alleged that in 2012 or 2013, he "went on mental health case load for depression." (Doc. 8 at 5). He stated that in September 2013, he was stabbed by other inmates at Valdosta State Prison. (Doc. 8 at 5). His lung was punctured and he had to be hospitalized. (Doc. 8 at 5). Apparently at some point in 2014, while he was at Valdosta State Prison, Officer White failed to "feed [his] cell on last meal of day." (Doc. 8 at 5). Plaintiff argued that the stabbing and missed meal at Valdosta State Prison violated his "right [to] due process and other amendment violations" and "Warden Marty Allen violated professional negligence by not resolving the matter." (Doc. 8 at 5). Plaintiff stated that in December 2014, he was assaulted by another inmate and he had to have surgery on his face. (Doc. 8 at 5). It appears Warden McLaughlin was the warden at the time of the assault. (Doc. 8 at 6). Without explanation, Plaintiff alleged throughout his amended complaint that he "is still in imminent danger of inmates [and] staff." (Doc. 8 at 15).

Plaintiff attached several grievance forms to his amended complaint. (Doc. 8-1). In one, dated October 21, 2015, Plaintiff complained that he was not getting his mail. (Doc. 8-1 at 1). In a second grievance dated October 21, 2015, he complained that he was "being held on Tier II beyond twenty-four months" and had been deprived of some unspecified "personal property." (Doc. 8-1 at 2). In the grievances, he requested to be released from Tier II and/or transferred to a different prison. (Doc. 8-1 at 2).

In its June 29, 2016 Order, the Court stated it presumed Plaintiff was attempting to bring claims against each Defendant under the Eighth Amendment based on a failure to

protect him from attack by other inmates and conditions of confinement. (Doc. 19 at 2). Also, it found Plaintiff may be attempting to bring a due process claim based upon his confinement in long-term administrative segregation. (Doc. 19 at 2). The Court told Plaintiff his "allegations . . . [were] not sufficient to link the named [D]efendants with the constitutional wrongs of which he complains." (Doc. 19 at 3). The Court, therefore, allowed Plaintiff an opportunity to amend his complaint. (Doc. 19 at 3). Plaintiff was told exactly what information to include in his recast or amended complaint. (Doc. 19 at 3-4). Specifically, the Court told Plaintiff to include: what each named Defendant did (or did not do) to violate his rights; when and where each action occurred; how he was injured; who directly caused Plaintiff's injury (if other than the named Defendants); how and when he learned of the injury; when he learned of the Defendants' involvement (or responsibility) for the injury; and what relief he sought. (Doc. 19 at 3). Plaintiff was told that his recast complaint would take the place of his previous complaints and if he "fail[ed] to sufficiently link the conduct or actions of a named [D]efendant to a claim, that claim would be dismissed." (Doc. 19 at 3-4).

Along with various motions and notices (Docs. 20, 21, 22, 25, 26, 27, 28), Plaintiff filed his recast complaint on July 15, 2016. (Doc. 24). But, Plaintiff completely failed to follow the detailed instructions contained in the Court's June 29, 2016 Order.

In its October 29, 2016 Order, the Court found that Plaintiff was complaining about events that occurred from 2008 to the present. (Doc. 29 at 3). The Court determined that all claims that accrued on or before April 2014 were time barred. (Doc. 29 at 4-5). The Court found that Plaintiff failed to state a viable Eighth Amendment Claim against any of the three wardens because "none of the allegations in Plaintiff's complaint personally

link the wardens to any of the asserted constitutional violations; nor do his allegations include any facts to suggest a causal connection between any wardens' conduct or policies and Plaintiff's injuries." (Doc. 29 at 6).

As for the due process claim, Plaintiff stated in his recast complaint that Homer Bryson was responsible for "ALLOWING GDC PERSONEL (sic) TO HOLD INMATES LONGER THAN S.O.P. REQUIREMENTS OF A MINIMUM OF NINE TO . . . TWENTY-FOUR MONTHS MAXIMUM IN TIER PROGRAM." (Doc. 24 at 1). Plaintiff stated he was confined in Tier II from September 2013 to December 2015 and confined in Tier I from December 2015 to January 2016. (Doc. 24 at 1). The Court found that violation of an administrative Standard Operating Procedure, standing alone, is not a basis for a constitutional claim under § 1983. (Doc. 29 at 7). Also, Plaintiff failed to explain how any of the named Defendants had denied him notice or an opportunity to be heard before or while he was confined in segregation. (Doc. 29 at 8). As the Court stated, "there is nothing in Plaintiff's Complaint to suggest when or if any [D]efendant was personally aware of Plaintiff's prolonged . . . confinement or that Plaintiff was denied any administrative notification, hearing, or review that he was due." (Doc. 29 at 8).

The Court dismissed Plaintiff's complaint for failure to state a claim. (Doc. 29 at 8). Judgment was entered in favor of the Defendants on October 28, 2016. (Doc. 30).

Plaintiff filed a timely motion to alter or amend judgment on November 9, 2016. (Doc. 31). He simply stated, in a conclusory fashion, that the Court should alter or amend its judgment. (Doc. 31). A few days later, on November 14, 2016, he filed a "Memorandum of Law." (Doc. 32). The document is incomprehensible and does not mention why the judgment in his case should be altered or amended.

In an Order dated February 15, 2017, the Court denied Plaintiff's motion to alter or amend. (Doc. 34). The Court found that "Plaintiff's motion . . . does not identify any valid basis for reconsideration; nor does his motion persuade the Court that a reopening of this case is, for any other reason, warranted."[2] (Doc. 34).

Plaintiff filed a second motion to alter or amend judgment on March 1, 2017. (Doc. 35). This motion, like Plaintiff's previous Memorandum of Law" (Doc. 32), was nonsensical. In it, Plaintiff spoke of a "three judge court" issuing a "prisoner release order" in a "recasted (sic) habeas action from this case," and requested "narrowly drawn relief" to correct the violation of his federal rights. (Doc. 35 at 2). The Court denied the motion. (Doc. 36).

Plaintiff filed his third motion to alter or amend judgment on March 23, 2017, the same day he filed his notice of appeal. (Docs. 37, 38). As with his first two motions, the third shed no light on why the Court should reopen his case. In its April 18, 2017 Order, the Court found that Plaintiff's motion did not "cure the deficiencies that required the dismissal of Plaintiff's Complaint." (Doc. 48). The Court denied Plaintiff's third motion to alter or amend, finding that it failed to "identify any valid basis for reconsideration or

---

[2] This Order shows that "Plaintiff was given multiple opportunities to amend his complaint prior to dismissal of his complaint without prejudice, and the Court finds no clear error in the Order of Dismissal." (Doc. 34). This is only partially correct. The Order correctly shows that Plaintiff was given multiple opportunities to amend his complaint prior to dismissal. But, the Order and the Court's subsequent Orders (Docs. 36, 48) denying Plaintiff's two additional motions to alter or amend (Docs. 35, 37) incorrectly show the dismissal was without prejudice. Plaintiff first amended his complaint of his own accord. (Doc. 8). Thereafter, the Court reviewed both the original and amended complaint, informed Plaintiff of the shortcomings in these complaints and how to correct them, and allowed him to amend his complaint again. (Doc 19). Plaintiff filed a second amended complaint. (Doc. 24). After reviewing this complaint, the Court dismissed Plaintiff's case without specifying whether the dismissal was with or without prejudice. (Doc. 29 at 8). "Unless the court specifies otherwise, an involuntary dismissal under Rule 41 . . . is with prejudice." *Hickman v. Hickman*, 563 F. App'x 742, 743 (11th Cir. 2014) (citing Fed. R. Civ. P. 41(b)). The dismissal was, therefore, with prejudice. A with prejudice dismissal was appropriate because Plaintiff had been given the chance to amend his complaint and the Court had specifically informed him "the deficienc[ies] in the complaint and how [they] could be remedied." *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985), *abrogated on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

persuade the Court that a reopening of his case is, for any other reason, warranted." (Doc. 48).

Plaintiff has now filed a fourth motion requesting the Court to "reconsider, vacate, and or modify order." (Doc. 49). In this motion, Plaintiff complains that he "was not protected by the Court and was h[i]ndered from submitt[ing] proper paperwork on time." (Doc. 49). The Court's docket in this case does not support Plaintiff's claim that he has been unable to file paperwork. Since Plaintiff initiated this action approximately thirteen months ago, he has filed three complaints (Docs. 1, 8, 24); two letters (Docs. 15, 16), one declaration (Doc. 6), six "notices" of various (Docs. 25, 28, 33, 41, 43, 47), two sets of exhibit (Docs 6, 14), various requests for discovery (Doc. 7), and nineteen motions (Docs. 4, 5, 9, 11, 12, 13, 17, 18, 20, 21, 22, 26, 27, 31, 35, 37, 45, 46, 49). Each month, the Court receives several filings from Plaintiff; with January 2017 being the only month in which Plaintiff submitted nothing to the Court. Also, the Court is unaware of any untimely submissions made by Plaintiff. Certainly, he has not been penalized for missing any deadlines.

In his latest motion, Plaintiff seems to allege that at some unspecified time, some unspecified defendant placed him in an over-crowded segregation unit with a violent inmate and "forced" him "to eat in a room with the toilet, sink, and bed with the smell of feces and urine." (Doc. 49). In its June 29, 2016 Order, the Court ordered Plaintiff to tell the Court what each named Defendant did to violate his rights, when his rights were violated, and how he was injured. Plaintiff has utterly failed to comply with this Order and his latest motion sheds no more light on the matter than his numerous previous filings. His current "motion to reconsider, vacate, and modify" contains no grounds for altering or

amending the judgment that was entered in favor of Defendants on October 28, 2016.[3]

For these reasons, the Court **DENIES** Plaintiff's latest "motion to reconsider, vacate, and modify" its judgment. (Doc. 49).

**SO ORDERED**, this 25th day of May, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Court notes that Plaintiff requested the Clerk of Court to send him "the proper paperwork to file a supplement complaint as soon as possible." (Doc. 49-1). The time for supplementing this complaint has passed. Plaintiff has had numerous opportunities to provide the information that the Court requested in its June 29, 2016 Order, but has failed to do so. This case is currently on appeal (Doc. 38) and the Court will not consider any supplemental complaints filed in this case.